IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BIRD,<br><br>　　　　Petitioner,<br><br>　v.<br><br>TERRY GONZALEZ, Warden,<br><br>　　　　Respondent. | No. C 10-2218 WHA (PR)<br><br>**ORDER TO SHOW CAUSE; DENYING APPOINTMENT OF COUNSEL**<br><br>(Docket No. 5) |

## INTRODUCTION

Petitioner, a California prisoner currently incarcerated at the California Men's Colony in San Luis Obispo, California, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He has paid the filing fee. The petition attacks denial of parole, so venue is proper in this district, which is where petitioner is confined. *See* 28 U.S.C. 2241(d) (venue proper in both district of conviction and district of confinement).

## STATEMENT

In 1981, petitioner was convicted of first-degree murder with the use of a firearm in Alameda County Superior Court, and he was sentenced to a term of twenty-six years to life in state prison. In 2007, the California Board of Parole Hearings ("Board) found petitioner unsuitable for parole for a second time. Petitioner challenged this decision in unsuccessful habeas petitions filed in all three levels of the California courts.

//

**ANALYSIS**

**A.   STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

**B.   LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner claims that (1) the parole hearing violated his right to due process because the District Attorney was allowed to ask him questions, and because the District Attorney's opposition to petitioner's release does not amount to "some evidence" supporting the denial of parole; (2) there was not "some evidence" to support the denial of parole because there was no evidence of petitioner's current dangerousness; (3) the denial of parole was bases on the unchanging facts of the commitment offense, in violation of due process; (4) the use of his commitment offense to deny parole has converted his sentence to life without the possibility of parole, in violation of due process; (5) the conversion of his sentence to life without the possibility of parole, in violation of the Eighth Amendment; (6) the conversion of his sentence to life without the possibility of parole, in violation of his plea agreement; (7) by denying parole, the Board extended his sentence, in violation of his right to a jury; and (8) the conversion of his sentence to life without the possibility of parole, in violation of the Ex Post Facto Clause.

2

1    Petitioner's first three claims, when liberally construed, are all premised upon a single
2 cognizable claim for federal habeas relief, namely that the Board's denial of parole violated his
3 federal constitutional right to due process because it was not based on at least "some evidence"
4 of his current dangerousness.  Indeed, petitioner makes this argument throughout his entire
5 petition.  Consequently, the arguments set forth in claims one through three may be addressed
6 by the parties jointly in the briefing ordered below.

7    Petitioner's fourth, fifth, sixth, seventh and eighth claims are not cognizable.  These
8 claims are premised upon the contention that the Board's denial of parole has changed his
9 sentence to one of life with the possibility of parole to a sentence of life without the possibility
10 of parole.  While petitioner was denied parole in 2007, he will continue to be eligible for parole
11 in the future, which would not be the case if he was in prison for life without the possibility of
12 parole.  Petitioner argues that because the Board relied upon the unchanging facts of his
13 commitment offense to deny parole, he will never be released.  To begin with, is clear from his
14 petition that the Board did not rely *solely* upon his commitment offense in finding him
15 unsuitable for parole.  Moreover, the Board may rely less upon the commitment offense at
16 future hearings, particularly after petitioner has served more than his suggested base term of
17 twenty-six years.  As petitioner's sentence has not been changed by the Board's decision, his
18 fourth through eighth claims, even when liberally construed, do not set forth a cognizable basis
19 for federal habeas relief and are **DISMISSED**.

## CONCLUSION

21    1. The clerk shall mail a copy of this order and the petition with all attachments to the
22 respondent and the respondent's attorney, the Attorney General of the State of California.  The
23 clerk shall also serve a copy of this order on the petitioner.

24    2. Respondent shall file with the court and serve on petitioner, within ninety days of the
25 issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing
26 Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on
27 the claim found cognizable herein.  Respondent shall file with the answer and serve on
28 petitioner a copy of all portions of the state trial record that have been transcribed previously

3

1  and that are relevant to a determination of the issues presented by the petition.

2      If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
3  court and serving it on respondent within thirty days of the date the answer is filed.

4      3. Respondent may file, within ninety days, a motion to dismiss on procedural grounds
5  in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
6  Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the
7  court and serve on respondent an opposition or statement of non-opposition within thirty days
8  of the date the motion is filed, and respondent shall file with the court and serve on petitioner a
9  reply within fifteen days of the date any opposition is filed.

10     4. Petitioner is reminded that all communications with the court must be served on
11 respondent by mailing a true copy of the document to respondent's counsel. Petitioner must
12 keep the court informed of any change of address and must comply with the court's orders in a
13 timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
14 pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772
15 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

16     5. Petitioner's motion for appointment of counsel is **DENIED** as no evidentiary hearing
17 is warranted and this case is not particularly complex. *See* 18 U.S.C. § 3006A(a)(2)(B)

18     **IT IS SO ORDERED.**

20 Dated: June __25__, 2010.

                              WILLIAM ALSUP
                              UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.10\BIRD2218.OSC.wpd

4