IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BIRD,<br><br>    Petitioner,<br><br>  v.<br><br>TERRY GONZALEZ, Warden,<br><br>    Respondent. | No. C 10-2218 WHA (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**;<br>**DENYING PENDING MOTIONS**<br><br>(Docket Nos. 10, 12) |

**INTRODUCTION**

Petitioner, a California prisoner, filed this pro se petition for a writ of habeas corpus challenging the denial of parole pursuant to 28 U.S.C. 2254. Respondent was ordered to show cause why the writ should not be granted. Respondent filed a motion to dismiss the petition as untimely, petitioner filed an opposition and a motion for appointment of counsel, and respondent filed a reply brief. For the reasons discussed below, the petition is **DENIED**, and both motions are **DENIED**.

**STATEMENT**

In 1981, petitioner was convicted of first-degree murder with the use of a firearm in Alameda County Superior Court, and he was sentenced to a term of twenty-six years to life in state prison. In 2007, the California Board of Parole Hearings ("Board) found petitioner unsuitable for parole for a second time. Petitioner challenged this decision in unsuccessful habeas petitions filed in all three levels of the California courts.

**ANALYSIS**

Petitioner's remaining grounds for relief are three claims that are all premised upon the contention the Board's denial of parole violated his federal constitutional right to due process because it was not based on at least "some evidence" of his current dangerousness. The United States Supreme Court has recently held that the Due Process Clause of the Fourteenth Amendment to the United States Constitution entitles a California prisoner to only "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v Cooke*, 131 S.Ct. 859, 862 (2011). Specifically, the Due Process Clause only entitles a California prisoner to an opportunity to be heard and a statement of the reasons why parole was denied. *Ibid.* Petitioner does not contend, nor is there any indication in the record, that he was deprived of an opportunity to be heard or of a statement of the reasons parole was denied. The Constitution does not require more. *Ibid.* The court explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement." *Ibid.* It is simply irrelevant in federal habeas review "whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 863. In light of the Supreme Court's determination that due process does not require that there be any amount of evidence to support the parole denial, petitioner's claim challenging the sufficiency of the evidence supporting the Board's decision are without merit.

**CONCLUSION**

The petition for a writ of habeas corpus is **DENIED**. In light of this conclusion, respondent's motion to dismiss the petition as untimely (Docket No. 10) is **DENIED** as moot. Furthermore, as petitioner's claims are now clearly prohibited by the law, there is no need for counsel to represent petitioner in this matter and his motion for appointment of counsel (Docket No. 12) is **DENIED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would

1 find the denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

2 Consequently, no certificate of appealability is warranted in this case.

3 The clerk shall enter judgment and close the file.

4 **IT IS SO ORDERED.**

6 Dated: June __9__, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.10\BIRD2218.RUL.wpd